# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL RAY WOODS,**

    **Petitioner,**

**v.**                                            **Civil Action No. 1:15CV203**
                                                              **(Judge Keeley)**

**WARDEN, FCI MORGANTOWN,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 2, 2015, Michael Ray Woods ("Petitioner") filed, by counsel, a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1. On November 3, 2015, Petitioner paid the $5.00 filing fee. On November 4, 2015, Petitioner filed his Motion to File Amended Petition. ECF No. 6. The Court granted the motion on December 11, 2015. ECF No. 7. On January 5, 2016, Petitioner filed his Amended Petition for Relief Under 28 U.S.C. § 2241. ECF No. 9. On June 22, 2016, the Court entered an Order to Show Cause directing the Warden to show cause why the writ should not be granted. ECF No. 11. On July 11, 2016, the Warden filed a Motion to Dismiss and Response to Order to Show Cause and Memorandum in Support of Respondent's Motion to Dismiss and Response to Order to Show Cause. ECF Nos. 13 & 14. On August 2, 2016, Petitioner filed Petitioner's Reply to the Government's Motion to Dismiss and Response to Order to Show Cause. ECF No. 17. Petitioner is a federal inmate housed at FCI Morgantown and is challenging the validity of his conviction and sentence imposed by the United States District Court for the Eastern District

of North Carolina. This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. FACTS[1]

On February 8, 2011, a jury found Petitioner guilty of filing false and fraudulent tax returns in violation of 26 U.S.C. Section 7206(2) in Counts 1s-12s of the superceding indictment; wire fraud in violation of 18 U.S.C. Section 1343 in Counts 13s-22s of the superceding indictment; identity theft in violation of 18 U.S.C. Section 1028(a)(7) in Counts 23s-32s of the superceding indictment; and aggravated identity theft in violation of 18 U.S.C. Section 1028A in Counts 33s & 34s of the superceding indictment. ECF No. 68. On August 5, 2011, Petitioner was sentenced on Count 1s through 12s to 36 months imprisonment to be served concurrently; Counts 13s through 22s, 23s, and 25s through 32s to 108 months imprisonment to be served concurrently with each other and concurrently with Counts 1(sic) through 12(sic); and on Count 33s to 24 months imprisonment to be served consecutively to all other terms producing a total of 132 months and three years supervised release, plus a special assessment of $3,200. In addition, he was ordered to pay restitution in the amount $464,599.00. ECF No. 100.

Petitioner appealed his convictions to the United States Court of Appeals for the Fourth Circuit which affirmed his convictions on all counts on March 18, 2013. ECF No. 113. The mandate was issued April 9, 2013. ECF No. 114.

In his pending Petition for Relief Under 28 U.S.C. § 2241, Petitioner contends he is "actually, factually innocent of the identity theft and aggravated identity theft portions of the

---

[1]Petitioner's original case can be located on Pacer at 5:2010-CR-00037 for the United States District Court for the Eastern District of North Carolina.

judgment against him." The convictions for identity and aggravated identity theft are Counts 23s, 25s-32s and Count 33s of the superceding indictment. Therefore, Petitioner contends, a 2241 petition can be used to proceed based on the savings clause of 28 U.S.C. § 2255.

### III. ANALYSIS

A motion filed under § 2241 is typically used to challenge the manner in which a sentence is executed. See In re Jones, 226 F.3d 328, 334 (4th Cir. 2000); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). A motion filed pursuant to § 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or sentence. See Charles v. Chandler 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits).

However, despite the fact that a § 2255 petition is the proper vehicle for challenging a conviction of the imposition of a sentence, a § 2241 petition may be used by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of what is known as the Section 2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The savings clause provides that a prisoner may file a writ of habeas corpus if a remedy through a § 2255 motion is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. See Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusiff, 218 F.3d 448, 452 (5th Cir. 2000). It is well established that "in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003). Furthermore, a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under the section is time-barred. United States v. Laurie,

3

207 F.3d 1075, 1077 (8th Cir. 2000).

The Fourth Circuit has examined the prerequisites for finding that § 2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

Id. at 333-34.

Although Petitioner raises the savings clause, it is clear that he is not entitled to its application. In the instant case, even if Petitioner satisfied the first and third elements of Jones, violations of 18 U.S.C. §§ 1028(a)(7) and 1028A remain criminal offenses.[3] Identity theft and aggravated identity theft are still crimes. Because Petitioner clearly attacks the validity of his conviction and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

---

[2] The "gatekeeping" requirements provide that an individual may only file a second or successive § 2255 motion if the claim sought to be raised presents: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable 28 U.S.C. § 2255; see Jones, 226 F.3d at 330.

[3] The undersigned recognizes that Petitioner claims that he is "actually innocent." However, in order to raise a claim of actual innocence under § 2241, the petitioner must first establish that he is entitled to review under § 2241 by meeting the Jones requirements.

Furthermore, Petitioner's argument that he is actually innocent is misguided. He suggests that United States v. Miller, 734 F.3d 530 (6th Cir. 2013) and United States v. Spears, 729 F.3d 753 (7th Cir. 2013) make him "actually, factually innocent of identity theft and aggravated identity theft portions of the judgment against him."

Miller was convicted on four counts, two of which were aggravated identity theft in violation of 18 U.S.C. 1028A. The basis for the two aggravated identity theft convictions was that Miller signed a resolution requested by a lender from whom Miller was seeking a loan to purchase property making two false statements, i.e., all the members of the LLC were present at a meeting and voted unanimously to allow the property to be pledged as collateral for the loan. On appeal, Miller contended he could not be guilty of aggravated identity theft as a matter of law because he did not "use" the names and identities of the other LLC members, he simply lied about what they did. The Sixth Circuit agreed and reversed the aggravated identity theft convictions.

The reasoning of Miller is simply not applicable to Petitioner. Petitioner actually used the names of VA patients on unrelated people's tax returns in exchange for payment. Miller is not applicable because Petitioner actually used the identities of others.

Petitioner next claims that Spears makes him actually innocent of the aggravated identity theft convictions in the case at bar. In Spears, the Seventh Circuit held that the term "other person" as used in the aggravated identity statute, means a person who did not consent to the means of identification. The Fourth Circuit has expressly rejected this holding. See United States v. Adeyale, 579 Fed. Appx. 196, 200 (4th Cir. 2014).

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's application for Writ

5

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **DENIED WITH PREJUDICE.**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendations. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation all counsel of record via electronic means.

DATED: October 6, 2016.

*/s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE