```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MICHAEL RAY WOODS,**

      **Petitioner,**

**v.**                  **//**    **CIVIL ACTION NO. 1:15CV203**
                                      **(Judge Keeley)**

**WARDEN, FCI MORGANTOWN,**

      **Respondent.**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 18], GRANTING RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 13], AND DENYING AMENDED
<u>PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 [DKT. NO. 9]</u>**

On November 2, 2015, petitioner Michael Ray Woods ("Woods"), through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Woods filed an amended petition ("Petition") on January 5, 2016 (Dkt. No. 9). The Petition challenges a portion of his 2011 criminal conviction in the Eastern District of North Carolina.[1] It argues that he is "actually, factually innocent of the identity and aggravated identity theft portions of the judgment against him," violations of 18 U.S.C. §§ 1028(a)(7) and 1028A (Dkt. No. 9 at 2-3).

Those convictions were based on evidence that he had used fraudulent information, acquired during his employment as a data warehouse manager with the Department of Veterans Affairs, in order

---

[1] Woods's criminal case can be found on the Eastern District of North Carolina's document filing system under Criminal Case Number 5:10cr37.

**WOODS v. WARDEN, FCI MORGANTOWN**                                1:15CV203

ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 18], GRANTING RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 13], AND DENYING AMENDED
PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 [DKT. NO. 9]

to qualify the clients of his tax preparation service for substantial tax refunds. See United States v. Woods, 710 F.3d 195, 199 (4th Cir. 2013). In support of his innocence under § 2241, Woods cites "intervening case law" from outside the Fourth Circuit (Dkt. No. 9 at 4-6). See United States v. Miller, 734 F.3d 530 (6th Cir. 2013); United States v. Spears, 729 F.3d 753 (7th Cir. 2013).[2]

In a Report and Recommendation (R&R) dated October 6, 2016, the Honorable Michael J. Aloi, Magistrate Judge, recommended that the petition be denied with prejudice (Dkt. No. 18). Although Woods claims to be "actually innocent," the R&R reasoned that he cannot satisfy the Fourth Circuit's test for raising such a challenge to one's conviction pursuant to § 2241 (Dkt. No. 18 at 4). In regard to the intervening case law that Woods claims makes him actually innocent, the R&R readily distinguished the facts of Miller and noted that the Fourth Circuit had expressly rejected the statutory interpretation in Spears. Id. at 5. Therefore, under the second prong of the test articulated in In re Jones, 226 F.3d 328 (4th

---

[2] Woods appealed his conviction, which the Fourth Circuit affirmed, but he never filed a petition under 28 U.S.C. § 2255 on the basis of the intervening case law cited in this § 2241 petition.

**WOODS v. WARDEN, FCI MORGANTOWN**  1:15CV203

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 18], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 13], AND DENYING AMENDED PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 [DKT. NO. 9]**

Cir. 2000),[3] the conduct underlying Woods's crimes of conviction, identity theft and aggravated identity theft, remains criminal, and he cannot seek relief under § 2241 (Dkt. No. 18 at 4). Based upon this reasoning, the R&R recommended that the Court deny Woods's petition with prejudice. Id. at 6.

In the R&R, Magistrate Judge Aloi notified Woods of his right to file any objections to the recommendations within fourteen days following his receipt of the R&R. See 28 U.S.C. § 636(b)(1)(C). After receiving an extension of time, Woods filed timely objections to the R&R on November 8, 2016 (Dkt. No. 22). Rather than make

---

[3] A petitioner asserting "actual innocence" may establish "that § 2255 is inadequate or ineffective to test the legality of a conviction" if he can prove:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

**WOODS v. WARDEN, FCI MORGANTOWN**  1:15CV203

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 18], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 13], AND DENYING AMENDED PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 [DKT. NO. 9]**

specific objections, however, Woods made the following general objections:

> 4. Petitioner objects to the Magistrate's finding that "he has not demonstrated that § 2255 is an inadequate or ineffective remedy and that he has improperly filed a § 2241 petition."
>
> 5. Petitioner further objects to the Magistrate's finding that he is not actually innocent as set forth in United States v. Miller, 734 F.3d 530 (6th Cir. 2013) and United States v. Spears, 729 F.3d 753 (7th Cir. 2013). Mr. Woods maintains that he is innocent of identity theft and aggravated identify theft as set forth in the final judgment.
>
> 6. Petitioner reasserts all the issues and arguments, including case law, as he initially raised in his 28 U.S.C. § 2241 Petition.
>
> 7. Any aspect of the Magistrate's Report in opposition to Petitioner's arguments is hereby objected to.

Id. at 2.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Vague objections to an R&R, however, distract a district court from "focusing on disputed issues" and defeat the

4

**WOODS v. WARDEN, FCI MORGANTOWN**                                   **1:15CV203**

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [DKT. NO. 18], GRANTING RESPONDENT'S
MOTION TO DISMISS [DKT. NO. 13], AND DENYING AMENDED
PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 [DKT. NO. 9]**

purpose of an initial screening by the magistrate judge. McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) (citing Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997)).

Failure to raise specific errors waives the claimant's right to a de novo review because "general and conclusory" objections do not warrant such review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Howard's Yellow Cabs, 987 F. Supp. at 474); see also Green v. Rubenstein, 644 F. Supp. 2d 723 (S.D.W. Va. 2009). Indeed, failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

Woods's "general and conclusory" objections to the Magistrate Judge's R&R do not raise "any specific error as to the magistrate's review." McPherson, 605 F. Supp. 2d at 749. Therefore, the Court is under no duty to conduct a de novo review of Magistrate Judge Aloi's findings. Upon a clear-error review of the R&R and the record, the Court adopts the opinion of the Magistrate Judge for the reasons discussed in the R&R (Dkt. No. 18).

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [DKT. NO. 18], GRANTING RESPONDENT'S MOTION TO DISMISS [DKT. NO. 13], AND DENYING AMENDED PETITION FOR HABEAS CORPUS PURSUANT TO § 2241 [DKT. NO. 9]**

In conclusion, the Court:

1. **ADOPTS** the R&R (Dkt. No. 18);

2. **GRANTS** the respondent's motion to dismiss (Dkt. No. 13);

3. **DENIES** the amended petition (Dkt. No. 9); and

4. **DISMISSES** this civil action **WITH PREJUDICE** and **ORDERS** that it be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: November 23, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE